UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NOLAN LOVETT, et al. | : | Case No. 1:08CV1253 |
| Plaintiffs, | : | Judge Kathleen O'Malley |
| v. | : | |
| LEE LUCAS, et al. | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| JOHNNY ROBERTSON | : | Case No. 1:09CV1131 |
| Plaintiff, | : | Judge Kathleen O'Malley |
| v. | : | |
| LEE LUCAS, et al. | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| ARRICO SPIRES | : | Case No. 1:09CV1132 |
| Plaintiff, | : | Judge Kathleen O'Malley |
| v. | : | |
| LEE LUCAS, et al. | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| **CHARLES MATTHEWS** | : | Case No. 1:09CV1133 |
| Plaintiff, | : | Judge Kathleen O'Malley |
| v. | : | |
| **LEE LUCAS, et al.** | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| **MARLON BROOKS** | : | Case No. 1:09CV1134 |
| Plaintiff, | : | Judge Kathleen O'Malley |
| v. | : | |
| **LEE LUCAS, et al.** | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| **TYRON BROWN** | : | Case No. 1:09CV1135 |
| Plaintiff, | : | Judge Kathleen O'Malley |
| v. | : | |
| **LEE LUCAS, et al.** | : | |
| Defendants. | : | |

## AGREED PROTECTIVE ORDER

The Court having herein been made aware that the Plaintiffs Nolan Lovett, Danielle Carter, Johnny Robertson, Arrico Spires, Charles Mathews, Marlon Brooks, and Tyron Brown, and Defendants Lee Lucas, Robert Cross, Thomas Verhiley, Chuck Metcalf, Matt Mayer, Larry

Faith, Jamaal Ansari, Richland County Ohio and the City of Cleveland Ohio, by and through their respective counsel, have agreed to the entry of this Agreed Protective Order Governing Disclosure of Confidential and Private Information, in the above captioned cases, and good cause appearing therefore:

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the following procedures will govern the production and/or use of such information in this action:

1. This Protective Order governs the treatment and handling of all confidential information, material and documents (including, without limiting the generality of the foregoing, answers to interrogatories, responses to requests for production, responses to requests for admission, deposition testimony, deposition transcripts, deposition exhibits, and other written, recorded or graphic matter, and copies of the foregoing) ("confidential material") produced in accordance with the Federal Rules of Civil Procedure or any order of the Court, by any party or witness ("producing party") to any other party in this matter.

2. Documents, electronically stored information, and any other materials subject to protection under the Privacy Act which are otherwise discoverable are authorized and required to be produced. 5 U.S.C. § 552a(b)(11).

3. Any producing party furnishing confidential material which in the opinion of the producing party contains or discloses confidential information, or information protected from disclosure by the Privacy Act, 5 U.S.C. § 552a, the Freedom of Information Act, 5 U.S.C. § 552, Fed. R. Crim. Proc. 6(e) and/or any other federal or state law, may designate such material as subject to this Protective Order by so marking each page of the document as "Subject to

3

Protective Order," whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

Materials necessitating a higher level of protection, such as grand jury information or sensitive proprietary data, may be designated as "For Attorneys' Eyes Only." Documents designated as "For Attorneys' Eyes Only" shall only be reviewed by counsel for a party.

Any receiving party that receives confidential material that in the opinion of the receiving party contains or discloses confidential information, or information protected from disclosure by the Privacy Act, 5 U.S.C. § 552a, the Freedom of Information Act, 5 U.S.C. § 552, and/or any other federal or state law, may designate such material as "Subject to Protective Order" or "For Attorneys' Eyes Only" by so marking each page of the document as either "Subject to Protective Order" or "For Attorneys' Eyes Only," provided that the receiving party provides notice of such designation within 14 days of receipt.

4. Material designated "Subject to Protective Order" or "For Attorneys' Eyes Only" pursuant to this Order shall be used by a party receiving such material only for purposes related to this action and for no other purpose, under other restrictions as explained elsewhere in this order, and under no circumstances, other than those specifically provided for in this or a subsequent order of this Court, shall the party receiving such material disclose it to persons or entities other than the following:

    (a) The Court, pursuant to this Order;

    (b) Outside or inside counsel for a party.

    (c) Employees or agents of such counsel or party assigned and necessary to assist such counsel in the conduct of this litigation.

(d) Experts or consultants who have been retained for the purpose of assisting in the conduct of this action.

(e) Fact witnesses at deposition or trial or in preparation for deposition or trial, to the extent that the confidential materials were prepared by, received by, or referenced by name, title, or description by said fact witness; or to the extent that they utilized or are familiar with the equipment, information, or techniques referenced in the confidential material; their access to the confidential material is necessary to resolve a material issue of fact in the litigation.

(f) Other persons upon order of this Court or upon stipulation of the party who designated the confidential material in question as "Subject to Protective Order" or "For Attorneys' Eyes Only."

Prior to receipt of any materials subject to this protective order, any and all counsel of record for a party receiving these materials shall sign and serve the "Acknowledgement of Protective Order" attached to the Protective Order pursuant to the directive of Section 4 of this Order on all counsel of record for all parties. Unless otherwise specified by a counsel of record for a party, service of the signed "Acknowledgement of Protective Order" may be completed by e-mail.

Prior to disclosing materials subject to the protective order to any other aforementioned individuals designated in subsections (a) – (f), counsel for a party must have these individuals sign the "Acknowledgment of Protective Order" attached to the Protective Order pursuant to the directive of Section 4 of this Order. The original signed "Acknowledgement of Protective Order" completed by any individual designated in subsections (a)-(f) shall be retained by counsel seeking to disclose materials to any individual until these cases are conclusively resolved. These signed "Acknowledgment of Protective Order" may only be disclosed pursuant to Court order.

5

5. Each person given access to material designated as "Subject to Protective Order" or "For Attorneys' Eyes Only" or information derived there from is hereby advised that such material and/or information is being disclosed pursuant and subject to the terms of this Order, may not be disclosed other than pursuant to the terms hereof, and may be used only for purposes related to this action and for no other purposes. Materials designated "Subject to Protective Order" or "For Attorneys' Eyes Only" may be disclosed to and discussed with a person identified in subparagraphs 4(a) - (f) only after such person has executed a copy of Exhibit A, attached hereto.

6. All information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, or agents, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party) may be designated by any party as "Subject to Protective Order" or "For Attorneys' Eyes Only" and that testimony is subject to the provisions of this protective order, unless the parties otherwise agree by written stipulation.

7. In the event that counsel for any party determines to file with or submit to this Court any material designated "Subject to Protective Order" or "For Attorneys' Eyes Only" or information derived there from (by way of pleadings, motions, briefs, or other papers containing or making reference to such material or information), such documents shall be filed only in a sealed envelope on which a statement in the following form shall be endorsed:

> This envelope is sealed pursuant to an Order of the Court and contains confidential and/or private information and documents that are subject to such Order. This envelope is not to be opened or its contents revealed except to counsel or authorized personnel of record or by subsequent Order of the Court.

All such material so filed shall be maintained by the Clerk of the Court separate from the public records in this action and shall be released only upon further order of the Court.

8. If any party objects to the designation of any information, material or document as "Subject to Protective Order" or "For Attorneys' Eyes Only," the objecting party may notify the producing party in writing at any time, but no later than twenty-one (21) days before the date of trial. Within ten (10) days after service of any such notice, either the producing or the objecting party may apply to the Court for a ruling that the confidential material objected to shall (as applicable) be treated or not treated as "Subject to Protective Order" or "For Attorneys' Eyes Only," and notice of such application shall be provided to all other parties. Until this Court enters an order determining the status of the confidential material being objected to, such material shall be treated as confidential and protected as provided in this Order, unless the parties otherwise agree by written stipulation.

9. A party that produces documents or electronically stored information does not waive any privilege or protection, including but not limited to the attorney-client privilege and the work-product protection, over that information in this matter or any other proceeding. Fed. R. Evid. 502(d), (e), (g). All parties shall follow Federal Rule of Civil Procedure 26(b)(5)(B) in dealing with any privileged materials produced in discovery.

10. Within three months of the conclusion of this litigation (commencing from the date on which the time for filing an appeal from entry of judgment with no party taking an appeal, or in the event an appeal is taken, from the date of exhaustion of any and all appeals), all materials which continue to be designated as "Subject to Protective Order" or "For Attorneys' Eyes Only" and all copies thereof shall either be returned to the producing party or nonparty

witness or destroyed. A party who elects to destroy the copies shall submit a certification to the producing party or nonparty witness, attesting that all copies were destroyed, within 14 days of the destruction of the copies. Copies which contain markings constituting attorney work product need not be returned or destroyed, provided they remain subject to the provisions of this protective order. All documents shall be kept in the possession of the party to whom the document was produced, except in the limited circumstances described above.

11. Information, material and documents that are inadvertently disclosed may be retrieved by the producing party at any time and the confidential nature of the information, material or documents shall be preserved upon notice of retrieval pursuant to the terms of this Order, and may only be used for purposes related to this action and for no other purpose.

12. The agreement of any party to be bound by the terms and conditions of this Order does not constitute a waiver of any privilege available to that party, and shall not be construed as such.

IT IS SO ORDERED:

Date: 5/3/10

Kathleen M. O'Malley
KATHLEEN O'MALLEY
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| NOLAN LOVETT, et al. | : | Case Nos. 1:08CV1253 |
| | : | 1:09CV1131 |
| Plaintiffs, | : | 1:09CV1132 |
| | : | 1:09CV1133 |
| v. | : | 1:09CV1134 |
| | : | 1:09 CV1135 |
| LEE LUCAS, et al. | : | |
| | : | Judge Kathleen O'Malley |
| Defendants. | : | |

## ACKNOWLEDGMENT OF PROTECTIVE ORDER

I, _____, hereby acknowledge, under penalty of perjury, that I have read the Stipulated Protective Order Governing Disclosure of Confidential and Private Information entered by this Court on _____, 2010. I am familiar with the specific terms of the Order and agree to be bound by its terms. I further understand that I am subject to the contempt powers of this Court for violation of the Order.

_____
Signature

Date: _____