IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NOLAN LOVETT, DANIELLE CARTER, JOHNNY ROBERTSON, ARRICO SPIRES, CHARLES MATHEWS, MARLON BROOKS, TYRON BROWN, | ) ) ) ) ) ) | CASE NOS.: 1:08CV1253 1:09CV1131 1:09CV1132 1:09CV1133 1:09CV1134 |
| Plaintiffs, | ) ) | 1:09CV1135 1:10CV1674 |
| v. | ) ) ) | JUDGE DONALD C. NUGENT |
| LEE LUCAS, et al., | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) ) ) | |

The above-captioned matters are before the Court on the Motions to Dismiss for Lack of Jurisdiction and for Summary Judgment filed by Defendant United States of America,[1] and the Motions to Dismiss Plaintiffs' *Monell* claims filed by Defendants Richland County, Captain Larry Faith, and Sergeant Matt Mayer,[2] and by the City of Cleveland.[3] Plaintiffs have responded

---

[1] *Lovett v. Lucas et al.*, Case No. 10CV1674 (ECF #16); *Robertson v. Lucas et al.*, Case No. 9CV1131 (ECF #134); *Spires v. Lucas et al.*, Case No. 9CV1132 (ECF #134); *Mathews v. Lucas et al.*, Case No. 9CV1133 (ECF #138); *Brooks v. Lucas et al.*, Case No. 9CV1134 (ECF #132); *Brown v. Lucas et al.*, Case No. 9CV1135 (ECF #133).

[2] *Lovett v. Lucas et al.*, Case No. 8CV1253 (ECF #139); *Robertson v. Lucas et al.*, Case No. 9CV1131 (ECF #132); *Spires v. Lucas et al.*, Case No. 9CV1132 (ECF #132); *Mathews v. Lucas et al.*, Case No. 9CV1133 (ECF #136); *Brooks v. Lucas et al.*, Case No. 9CV1134 (ECF #131); *Brown v. Lucas et al.*, Case No. 9CV1135 (ECF #131).

[3] *Lovett v. Lucas et al.*, Case No. 8CV1253 (ECF #139); *Robertson v. Lucas et al.*, Case No. 9CV1131 (ECF #132); *Spires v. Lucas et al.*, Case No. 9CV1132 (ECF #132); *Mathews v. Lucas et al.*, Case No. 9CV1133 (ECF #136); *Brooks v. Lucas et al.*, Case No. 9CV1134 (ECF #131); *Brown v. Lucas et al.*, Case No. 9CV1135 (ECF #131).

to the Motions, and Defendants have replied.  Thus, the Motions are ripe for review.  For the reasons stated, the Motions are **GRANTED**.

## A.  FACTS

The facts of these cases are set forth in the Court's previous Memorandum Opinion and Order granting summary judgment to the individual Defendants on qualified immunity grounds, and holding that the individual Defendants did not violate any Plaintiff's constitutional rights. (*See* Case No. 1:08CV1253, ECF #137.)

## B.  STANDARDS OF REVIEW

### A.  Federal Rule of Civil Procedure 56

Summary judgment under Rule 56 is appropriate where the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show "that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed .R. Civ. P. 56(a). "The moving party has the initial burden of proving that no genuine issue of material fact exists," and the court must draw all reasonable inferences in the light most favorable to the nonmoving party. *Vaughn v. Lawrenceburg Power Sys*., 269 F.3d 703, 710 (6th Cir. 2001). When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate. See *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986).

With regard to the non-moving party's obligation to set out specific facts showing a genuine issue for trial, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Williamson*

*v. Aetna Life Ins. Co.*, 481 F.3d 369, 379-80 (6th Cir. 2007) (citation omitted).  Rather, "Rule 56 allocates that duty to the opponent of the motion, which is required to point out the evidence, albeit evidence that is already in the record, that creates an issue of fact."  *Id.*

Accordingly, the ultimate inquiry is whether the record, as a whole, and upon viewing it in the light most favorable to the non-moving party, could lead a rational trier of fact to find in favor of the non-moving party.  *Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87.  The Court's inquiry, therefore, asks whether reasonable jurors could find by a preponderance of the evidence that the non-moving party is entitled to a verdict.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

    **B.**    <u>**Federal Rule of Civil Procedure 12(b)(1)**</u>

When a court's subject matter jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(1), the party seeking to invoke jurisdiction bears the burden of proof.  *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986).  A 12(b)(1) motion to dismiss may constitute either a facial attack or a factual attack.  *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994).  Facial attacks question the sufficiency of the jurisdictional allegations in the complaint.  *Id.*  Thus, those allegations must be taken as true and construed in the light most favorable to the nonmoving party.  *Id.*  Factual attacks, however, challenge the actual fact of the court's jurisdiction.  *Id.*  In such cases, the court is free to weigh any evidence properly before it to satisfy itself as to the existence of its power to hear the case.  *Id. See also Ohio Nat'l Life Ins. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

C.      **Federal Rule of Civil Procedure 12(b)(6)**

Under Rule 12(b)(6), the Court construes the complaint in a light most favorable to the plaintiff, accepts all factual allegations as true, and determines whether the complaint states a plausible claim for relief. *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir.2010) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009)).

The now familiar Rule 12(b)(6) pleading requirements explained in *Twombly* and *Iqbal* require that plaintiffs must " 'plead ... factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Id.* (quoting *Iqbal*, 129 S.Ct. at 1949); *see New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1049–51 (6th Cir.2011). Merely pleading facts that are consistent with a defendant's liability or that permit the court to infer misconduct is insufficient. *Iqbal*, 129 S.Ct. at 1949–50; *see Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009). Additionally, when considering a Rule 12(b)(6) motion, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Kottmyer*, 436 F.3d at 689.

The plausibility pleading standard set forth in *Twombly* and *Iqbal* requires a plaintiff to have pled enough facts to state a claim for relief that is plausible on its face. *Iqbal*, 129 S.Ct. at 1950. A complaint that allows the court to infer only a "mere possibility of misconduct" is insufficient to "show" that the complainant is entitled to relief and fails to meet the pleading requirements of Rule 8. *Id.*

## C. ANALYSIS

### 1. Federal Tort Claims Act ("FTCA") Claims – The United States

Plaintiffs bring false arrest, malicious prosecution, intentional infliction of emotional distress, and conspiracy claims against the United States under the Federal Tort Claims Act. The United States has moved for dismissal and/or summary judgment on each of these claims.

First, the United States argues that Plaintiffs' false arrest claims are time-barred under the FTCA. Under the FTCA, "a tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). This two-year time limitation is a jurisdictional prerequisite to suit. *Roman-Cancel v. United States*, 613 F.3d 37, 42 (1st Cir. 2010) ("[c]ompliance with the FTCA's temporal deadlines is both mandatory and jurisdictional"); *see also Hertz v. United States*, 560 F.3d 616 (6th Cir. 2009) (affirming dismissal under Rule12(b)(1) for failing to comply with FTCA's statute of limitations); *Flory v. United States*, 138 F.3d 157, 159 (5th Cir. 1998) ("it is well settled that these [the FTCA's] limitations periods are jurisdictional").

A claim for false arrest under the FTCA accrues at the moment of arrest. *Wang v. United States*, 61 Fed.Appx. 757, 759 (2d. Cir. 2003) ("false arrest claim accrued, as it ordinarily does under federal law, at the time of Plaintiff's arrest"); *Sandles v. U.S. Marshals Serv.*, No. 04-72426, 2007 WL 4374080 at *7 (E.D. Mich. Oct. 18, 2007); *Davis v. United States*, 430 F.Supp.2d 67, 74 (D. Conn. 2006).

None of Plaintiffs asserted their false arrest claims within two years after the claims

accrued:

- Plaintiff Lovett was arraigned on November 22, 2005. *United States v. Nabors*, 1:05CR00537 (N.D. Ohio) (11/22/05 Docket Entry). But he did not present his administrative claim alleging false arrest until **three years** after he was arrested, on April 25, 2008.

- Plaintiff Robertson was arraigned on January 31, 2006. *United States v. Nabors*, 1:05CR00537 (N.D. Ohio) (1/31/06 Docket Entry).  But he did not present his administrative claim for over **three years** after he was arrested, on April 25, 2008.

- Plaintiff Spires was arraigned on November 10, 2005.  *United States v. Nabors*, 1:05CR00537 (N.D. Ohio) (11/10/2005 Docket Entry).  He did not present his administrative claim for more than **three years** after he was arrested.

- Plaintiff Mathews was arraigned on November 22, 2005.  *United States v. Nabors*, 1:05CR00537 (N.D. Ohio) (11/22/05 Docket Entry).  Yet, he did not present his administrative claim for over **three years** after he was arrested, on April 25, 2008.

- Plaintiff Brooks was arraigned on November 10, 2005.  *United States v. Nabors*, 1:05CR00537 (N.D. Ohio) (11/10/05 Docket Entry).  He did not present his administrative claim for more than **three years** after he was arrested, on April 25, 2008.

- Plaintiff Brown was arraigned on December 21, 2005.  *United States v. Nabors*, 1:05CR00537 (N.D. Ohio) (12/21/05 Docket Entry).  But he did not present his administrative claim for over **three years** after he was arrested, on April 30, 2008.

Plaintiffs' opposition to the United States' Motion to Dismiss and Motion for Summary Judgment does not refute that Plaintiffs' false arrest claims are untimely under the FTCA. Accordingly, because Plaintiffs failed to present their administrative claims alleging false arrest within the FTCA's two-year time limitation, this Court lacks jurisdiction to hear their false arrest claims against the United States.  Those claims are dismissed as time-barred.[4]

---

[4] For the same reason, Plaintiff Lovett's trespass claim is also barred. The factual basis for the claim is unclear from Mr. Lovett's Complaint; he fails to allege how federal agents unlawfully trespassed on his property. Indeed, Plaintiff Lovett turned himself into federal

The United States next argues that this Court's previous summary judgment ruling – that (a) probable cause foreclosed malicious prosecution and intentional infliction of emotional distress claims against individual Defendants, and that (b) no conspiracy existed among the individual Defendants to deprive Plaintiffs of their constitutional rights – necessarily defeats the same claims levied against the United States. (*See* Case No. 1:08CV1253, ECF #137.) The Court agrees. There is no basis in law or fact to support a conclusion that Plaintiffs' malicious prosecution, emotional distress, and conspiracy claims can survive despite the existence of probable cause for Plaintiffs' arrests and prosecutions.

Plaintiffs' arguments to the contrary are unpersuasive. First, Plaintiffs try to distinguish this FTCA case by saying that the United States is not entitled to qualified immunity. This argument is inapposite; the United States does not claim entitlement to judgment on Plaintiffs' FTCA claims based on the qualified immunity of its employees. Rather, the United States asserts that Plaintiffs' state law malicious prosecution and intentional infliction of emotional distress torts against the United States are necessarily disposed of by the Court's recent judgment holding that probable cause barred the very same torts. The United States further asserts that Plaintiffs' conspiracy claims are precluded by the Court's ruling that no evidence exists to show that Defendants shared a single plan to deprive Plaintiffs of their constitutional rights. Plaintiffs fail to set forth any reasons why these claims are not similarly disposed of here.

Further, Plaintiffs argue that they are entitled to more discovery here than in a qualified-immunity context. Plaintiffs conclude that more discovery would allow them to "respond to the

---

authorities – he was not arrested at his home. Regardless, this claim must logically be based on conduct preceding Mr. Lovett's arrest, and is therefore also time barred.

Court's reasoning that the existence of probable cause was conclusively established by Plaintiffs' acknowledgments of wrongdoing at their guilty pleas." Plaintiffs point out that "a later development of probable cause has no effect on the existence of probable cause at an earlier point in time." While this last statement is not untrue, Plaintiffs avoid the point. The Court determined that probable cause existed at the time of Plaintiffs' arrests, independent from, and without consideration of, Plaintiffs' guilty pleas. The Court's reasoning makes clear that probable cause existed at the time of Plaintiffs' arrests, even if Plaintiffs had never admitted their guilt under oath. While Plaintiffs' guilty pleas reinforced the existence of probable cause for Plaintiffs' prosecutions, the Court did not consider the guilty pleas when determining that probable cause existed prior to the guilty pleas and at the time of Plaintiffs' arrests.

Finally, Plaintiffs' nebulous assertions that more discovery will further allow them to support their claims are not well-taken. Plaintiffs support this claim with the very Rule 56(d) affidavits that this Court has already found insufficient. As the Court made clear, Plaintiffs' vague assertion that "discovery would allow Plaintiffs to support their allegations that Defendants violated their Constitutional rights" does not provide any insight into what benefits – if any – Plaintiffs would achieve from "further inquiry into the factual underpinnings of these cases."

For all of these reasons, Plaintiffs' claims under the FTCA cannot survive. These claims are dismissed.

    2.    *Monell* **Claims – Richland County and the City of Cleveland**

        a.    *Monell* **Claims**

As discussed, this Court recently entered summary judgment on qualified immunity

grounds in favor of Defendants Larry Faith, Matt Mayer, Charles Metcalf, and Jamaal Ansari, concluding that they did not violate Plaintiffs' constitutional rights (*See* Case No. 1:08CV1253, ECF #137.) The Court's Order did not address Plaintiffs' *Monell* claims against Richland County or the City of Cleveland.

Plaintiffs concede that their *Monell* claims are no longer viable given the Court's decision respecting Defendants Faith, Mayer, Metcalf and Ansari. (ECF #146.) Indeed, the "conclusion that no officer-defendant ha[s] deprived the plaintiff of any constitutional right a fortiori defeats [a] claim against the [government entity] as well." *Scott v. Clay County*, 205 F.3d 867, 879 (6th Cir. 2000 (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799). In this case, since no employee of Richland County (Defendants Faith, Mayer, and Metcalf), and no employee of the City of Cleveland (Defendant Ansari) has violated any Plaintiff's constitutional rights, Richland County and the City of Cleveland are entitled to judgment as a matter of law.

### 3. Plaintiffs' Request for Reconsideration of Judicial Estoppel Ruling

To the extent Plaintiffs request reconsideration of the portion of the Court's Opinion granting summary judgment to the individual Defendants on the independent ground of judicial estoppel, the request is denied. For all of the reasons stated in the Court's previous Opinion, there could rarely be a more appropriate set of circumstances for the application of judicial estoppel. The doctrine prohibits Plaintiffs from having things both ways; they may not benefit from their guilty pleas given under oath and with the advice of counsel, and then hope to cash in by asserting their innocence in a civil suit.

Even if judicial estoppel did not bar Plaintiffs' claims, the individual Defendants are still entitled to summary judgment on qualified immunity grounds. As the Court stated in its previous

Order, judicial estoppel provides a wholly separate and independent ground for judgment as a matter of law.

### D. CONCLUSION

For each of the foregoing reasons, the United States is entitled to judgment as a matter of law on Plaintiffs' FTCA claims, and Richland County and the City of Cleveland are entitled to judgment as a matter of law on Plaintiffs' *Monell* claims.

IT IS SO ORDERED.

> s/Donald C. Nugent
> DONALD C. NUGENT
> UNITED STATES DISTRICT JUDGE

DATED: 6/13/2012